(Court of Appeal, Parish of Orleans).

## MORRIS BUILDING AND LAND IMPROVEMENT ASSOCIATION, LTD. vs. W. L. HUGHES.

When a lease provides that the landlord "reserves the privilege to reject all offers to renew," the mere silence of the landlord, or his failure to reject, will constitute an acceptance of an offer of renewal.

Appeal from the Civil District Court, Division "B."

Jas. Legendre, for plaintiff and appellant.

Forman and Sarpy, for defendant and appellee.

GODCHAUX, J.—The landlord's petition charges that the lease which ran from October 1, 1909, to October 1, 1910, was renewed for an additional year by the tenant's failure to give a notice required by the following clause in the lease:

"The lessee agrees to notify the lessor or its agents, in writing, on or before the 1st of August, 1910, whether or not said lessee wishes to retain the premises for one or more years from the expiration of this lease. Failure to do so will operate the re- newal of this lease for one year. The lessor reserves the privilege to reject all offers to renew lease."

It is further recited that, notwithstanding, such renewal and in spite of plaintiff's protest, the premises were vacated in September, 1910, by the tenant, who denies liability for and has failed to pay any rent for the renewal term. The petition which claimed of defendant, the tenant, the rental for the whole period of renewal under a clause of the lease which matures same upon failure to pay any monthly installment of rent, was dis-

missed upon a plea of no cause of action and the plaintiff prosecutes the present appeal.

While the plaintiff claims that the mere failure to give the notice specified operated as an absolute renewal, the defendant, on the other hand, contends that such failure constitutes simply an offer of renewal, and that inasmuch as the plaintiff fails to allege an acceptance of such offer no agreement of renewal is disclosed and no liability on his part shown.

It is unnecessary to determine whether or not the provisions quoted should be given the drastic construction contended for by plaintiff to the effect that the mere failure to give notice would operate as an absolute renewal independantly of plaintiff's will or acceptance; for, adopting the view that such failure constitutes simply an offer of renewal, it does not follow, as contended for by defendant, that an allegation of the acceptance of such offer is essential to plaintiff's right of recovery under the terms of the contract existing between them.

This contract gave plaintiff the privilege "to reject all offers to renew" and as the petition fails to state that he exercised this privilege by rejecting the offer in question, this offer must be taken as accepted by the mere silence on his part.

The provisions quoted, taken as a whole, apparently mean that the silence of the tenant followed by the silence of the landlord should constitute a renewal of the lease for another year, without the necessity of affirmative action or formal notice on the part of either.

The court is of the opinion that the petition discloses a cause of action, and accordingly it is ordered that the judgment be reversed and the cause remanded for further proceedings according to law,

the defendant to pay the costs of this appeal and the liability for all other costs to await the final determination of this cause.

Reversed and remanded.

March 20, 1911.

Rehearing refused, April 17, 1911.